WILLIAM C. STEWART ET AL., APPELLANTS, V. CONSOLIDATED SCHOOL DISTRICT, APPELLEE.

FILED FEBRUARY 23, 1921.   No. 21247.

Schools and School Districts: INJUNCTION: PROOF. When, in an action against a school district to enjoin the removal of school property, plaintiff fails to sustain the allegations of his petition that "he is a resident, elector, and taxpayer" of the district, which is put in issue by a general denial, the writ will be denied.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*McKillip & Barth,* for appellants.

*Radcliffe & Tewell* and *Halligan, Beatty & Halligan,* contra.

MORRISSEY, C. J.

This action was brought to enjoin the officers of defendant school district from removing the schoolhouse and other school property of what was formerly school district No. 35 of Cheyenne and Deuel counties and appropriating it to the use of defendant district. There was judgment for defendant, and plaintiffs appeal.

On and prior to May 14, 1919, school district No. 35 of Cheyenne and Deuel counties was comprised of territory in these counties; school district No. 6 of Deuel and Garden counties was comprised of territory lying within these two counties; and school district No 14 of Garden county lay wholly within that county. The three districts were contiguous. May 14, 1919, the board of trustees of each of the districts mentioned met in joint conference and agreed to submit a proposition to the voters of each district for the consolidation of the three districts. Notices were posted in each of the districts, and May 27, 1919, an election was held in each district and a majority of the votes cast in each district was in favor of consolidation. The county superintendent of each county having territory within the boundaries of the new district was notified of the result of the elections held, and each took steps to perfect an organization of the new district under chapter 121, Laws 1915. An election was held June 9, 1919, and a board of trustees elected for the new district. Appellants' petition alleges that appellants are residents, electors, and taxpayers of the original school district No. 35, but the proof does not sustain these allegations. In *Hess v. Dodge,* 82 Neb. 35, it was held, in an action very similar to the one at bar, that the allegations just mentioned are material and necessary, and that without them a petition is demurrable. Being necessary and material to the petition, it follows that the allegations must be proved upon the trial when put in issue by the answer, as was done in the instant case. Proof being lacking on these material

allegations of the petition, we must decline to examine further into the record, and the judgment is

AFFIRMED.